UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.:   5:26-cv-04108-RAO                          Date:   August 7, 2026
Title:        Damy Delmira Larios Torres v. Timothy S. Robbins et al.


Present:        The Honorable   **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| C. Delgado | N/A |
|---|---|
| Deputy Clerk | Court Reporter/Recorder: N/A |

Attorneys Present for Petitioner:          Attorneys Present for Respondents:

N/A                                        N/A


**Proceedings:**          (In Chambers) **ORDER DENYING PETITION**


## I.      INTRODUCTION

Petitioner Damy Delmira Larios Torres, represented by counsel, is a citizen of Nicaragua currently in immigration custody at Adelanto Detention Facility in Adelanto, California.  She filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on July 22, 2026 ("Petition"). Dkt. No. 1 ("Pet.").  The instant matter is Petitioner's second Section 2241 petition challenging her immigration detention.  Petitioner previously filed a habeas petition on April 16, 2026. *Larios Torres v. Robbins et al.*, No. 5:26-cv-1904 RAO (C.D. Cal. Apr. 16, 2026).  In that prior petition, the Court ordered that Petitioner be provided with a bond hearing pursuant to 8 U.S.C. § 1226(a). *Id.*, Dkt. No. 11.  Consistent with the Court's order, an immigration judge conducted a bond hearing on May 5, 2026.  *Id.*, Dkt. No. 12.  After holding the hearing, the immigration judge denied Petitioner's release on the grounds of flight risk.  *Id*.

The instant Petition claims a violation of the Immigration and Nationality Act and due process.  Dkt. No. 1-2 (Brief in Support of Petition ("Brief")).  Petitioner's Brief references Petitioner's prior habeas action and notes that Petitioner received a bond hearing at which the immigration judge determined she was a flight risk and did not release her.  *Id*. at 11.  Petitioner seeks relief in the form of immediate release or, alternatively, a bond hearing pursuant to Section 1226(a).  *Id*. at 12-13.

Respondents filed their Answer on July 29, 2026.  Dkt. No. 8 ("Ans.").  The Answer asserts that the Court lacks jurisdiction to review the outcome of Petitioner's custody re-determination hearing.  Ans. at 2-3.  The Answer also asserts that, to the extent Petitioner is dissatisfied with the

| CV-90 (05/15) | **CIVIL MINUTES - GENERAL** | Page **1** of **3** |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.:    5:26-cv-04108-RAO                                    Date:    August 7, 2026
Title:        Damy Delmira Larios Torres v. Timothy S. Robbins et al.


outcome of her May 5, 2026 custody re-determination hearing, she must pursue administrative exhaustion through the Board of Immigration Appeals ("BIA"). *Id*. at 2-4. Attached to the Answer are copies of the Immigration Judge's Order and Bond Memorandum. *See* Dkt. Nos. 8-1, 8-2.

Petitioner filed her Reply on August 3, 2026. Dkt. No. 9 ("Reply"). The Reply states that Petitioner is currently exhausting other appellate options, including appealing the immigration judge's bond decision. *Id*. at 2. Additionally, the Reply states that Petitioner is not seeking an evaluation of the re-determination hearing that she has already received, but instead "is seeking another custody hearing in which if the only issue found is flight risk, it is mitigated with the necessary factors." *Id*.


## II.    LEGAL STANDARD

A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *see Magan Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) (Section 2241 "expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.") (citing *Henderson v. I.N.S.*, 157 F.3d 106, 122 (9th Cir. 1998)).


## III.    ANALYSIS

The nature of Petitioner's challenge is unclear. The Petition contends, in part, that Petitioner has been denied a bond hearing pursuant to *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). Pet. at 10. However, in Petitioner's prior habeas action, No. 5:26-cv-1904 RAO, the Court ordered that she be provided with a Section 1226(a) hearing and that hearing was held on May 5, 2026. To the extent the instant Petition claims that Petitioner has wrongly been denied a bond hearing based on *Matter of Yajure Hurtado*, the Petition is denied.

Next, in her Reply, Petitioner states that she is seeking another bond re-determination hearing and is not attacking the bond denial arising out of her May 5, 2026 hearing. Reply at 2. However, the Reply makes clear that Petitioner is, in fact, asking this Court to review the immigration judge's bond denial. For example, Petitioner asserts that if the immigration judge's

---

CV-90 (05/15)                        **CIVIL MINUTES - GENERAL**                        Page **2** of **3**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:    5:26-cv-04108-RAO                    Date:    August 7, 2026
Title:    Damy Delmira Larios Torres v. Timothy S. Robbins et al.

concern is that she may not appear, then "the response could be a higher bond, an appropriate sponsor, reporting requirements, electronic monitoring, or other supervision terms instead of detention." *Id*.

Petitioner has a direct administrative remedy for challenging the immigration judge's decision: appeal to the BIA. *See* 8 C.F.R. §§ 1003.19(f), 1003.38. The BIA reviews *de novo* all "questions of law, discretion, and judgment" from the decisions of immigration judges. 8 C.F.R. § 1003.l(d)(3)(ii); *see also Leonardo v. Crawford*, 646 F.3d 1159-60 (9th Cir. 2011). It also reviews for clear error any findings of fact. *See id*. § 1003.l(d)(3)(i); *Vitug v. Holder*, 723 F.3d 1056, 1063 (9th Cir. 2013). The errors that Petitioner alleges occurred – the immigration judge failed to consider other bond conditions as an alternative to detention – are ones that the BIA can address on appeal and would allow the agency to correct its own mistakes. *Aden v. Nielsen*, 2019 WL 5802013, at *2 (W.D. Wash. Nov. 7, 2019) ("BIA is capable of reassessing the evidence determining whether the government has carried its burden of demonstrating by clear and convincing evidence" that petitioner "must be detained."). Indeed, Petitioner indicates in her Reply that she is in the process of pursuing administrative exhaustion. Reply at 2. In light of this representation, the Court concludes that exhaustion of administrative remedies is warranted, and there are no grounds presented for excusal or waiver of the exhaustion requirement. *See Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (enumerating factors to be considered in requiring prudential exhaustion).

## IV.    **CONCLUSION**

For the foregoing reasons, Petitioner's Petition for a writ of habeas corpus is DENIED.

**IT IS SO ORDERED.**